## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| THE CENTRAL NATIONAL BANK OF ALVA, OKLAHOMA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-11-1086-D |
| SPEARMAN CATTLE FEEDERS, INC., a Texas corporation; and JAMES THOMAS MORGAN, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is the motion of Defendant James Thomas Morgan ("Morgan") [Doc. No. 4] to dismiss this action against him pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6), arguing the Court lacks personal jurisdiction over him and the allegations in the Complaint fail to state a claim for relief against him. Morgan also states that venue "may be improper." Motion at ¶13.

Also before the Court is the separate motion to dismiss [Doc. No. 5] filed by Defendant Spearman Cattle Feeders, Inc. ("Spearman"). Spearman does not seek dismissal on jurisdictional grounds, but argues the Complaint fails to state a claim for relief against it. Spearman also states in the motion that venue here "may be improper." Spearman motion at ¶ 5. Plaintiff, The Central National Bank of Alva, Oklahoma ("Bank"), timely responded to each motion. Spearman and Morgan did not file replies.

I. Background:

The Bank filed this action in the District Court of Woodward County, Oklahoma, and it was removed to this Court by Morgan and Spearman, who asserted subject matter jurisdiction based on

diversity of citizenship and an amount in controversy in excess of $75,000.00, exclusive of interest and costs.  Morgan and Spearman then separately filed motions to dismiss.

In this action, the Bank seeks the reformation of certain documents related to a loan or loans made to Spearman, including a second amended note, second amended mortgage, and a guaranty ratification executed by Morgan.  The Bank alleges that these documents mistakenly state the amount of the unpaid principal at issue, and it seeks to reform all applicable documents to reflect the correct amount of $3,056,890.29 as the unpaid principal balance due.  The note at issue was executed by Spearman on or about July 29, 2010.  Morgan executed a guaranty for the note at issue.

In his motion, Morgan challenges this Court's jurisdiction over him, arguing that he is a citizen and resident of Alabama, that he maintains no office in Oklahoma, and that he otherwise lacks sufficient contacts with Oklahoma to allow the Court to exercise jurisdiction over him.  As discussed in more detail, *infra,* the Bank responds by submitting evidence, including copies of loan documents and guaranties executed by Morgan securing the loan to Spearman, and it argues that Morgan, the sole shareholder of Spearman, has had a banking relationship in Oklahoma with the Bank and its predecessor for several years.

Spearman's motion does not challenge jurisdiction, but asserts, without supporting legal authority, that the Complaint fails to state a claim for relief against it.  In his alternative motion, Morgan also asserts that contention.  Both also suggest, without argument or authority, that venue may be improper here.  Each contention asserted by the movants is addressed herein.

II. Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction:

When considering a motion to dismiss for lack of personal jurisdiction, a district court has discretion to determine the procedure to employ to rule on the issue.  *Dudnikov v. Chalk &*

*Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008); *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Where the parties submit sufficient evidence to allow the Court to make this determination, a hearing is not required. *Dudnikov*, 514 F.3d at 1069.

Having reviewed the parties' briefs and the evidentiary materials in this case, the Court concludes that  an evidentiary  hearing is not required because the record contains sufficient evidence on which to base a ruling on the question of personal jurisdiction.  Accordingly, the Court will decide the issue without conducting an evidentiary hearing.

It is well established that, to be subject to the personal jurisdiction of the court, a nonresident defendant  must have sufficient contacts with the forum state to satisfy the requirements of due process. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir.  2000).  The Court's analysis of personal jurisdiction in diversity cases generally involves a two-step inquiry: courts must determine whether the exercise of jurisdiction is consistent with (1) the long-arm statute of the forum state, and (2) the due process clause of the fourteenth amendment." *McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1318 (W. D. Okla. 1990).  In Oklahoma that test becomes a single inquiry because Oklahoma's long-arm statute reaches to the full extent of due process.  *Rambo v. American Southern Ins. Co.*, 839 F. 2d 1415, 1416 (10th Cir. 1988).

To establish the requisite minimum contacts, a plaintiff must show that the defendant has "purposefully availed itself of the privilege of conducting business in the jurisdiction of this court;" for this purpose, a defendant need not be physically present or have physical contacts with the forum, so long as its efforts are purposefully directed there. *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 476 (1985). The minimum contacts standard may be satisfied in two ways. First, contacts may be satisfied by a showing that the defendant has purposefully directed its activities at residents of the forum state, and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Id.* at 472.   If this showing is made, the court has "specific" personal jurisdiction over the defendant. *Id.*  Where a plaintiff's cause of action does not arise from the defendant's activities within the forum state, however, minimum contacts may be established by showing that defendant had "continuous and systematic general business contacts in the state." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  If so, the court has "general" personal jurisdiction over the defendant.

In this case, Plaintiff contends that Morgan's conduct establishes specific personal jurisdiction because his contacts in Oklahoma with respect to various banking transactions on behalf of Spearman are sufficient to show he has purposefully availed himself of the privilege of doing business in Oklahoma.  Furthermore, it contends the claims asserted in this action arose from Morgan's activities here.

The Tenth Circuit has explained the analysis to be conducted to determine whether specific personal jurisdiction exists:

> [A]n analysis of whether a court's exercise of specific personal jurisdiction comports with the Due Process Clause is a two-step inquiry. *See Benton v. Cameco Corp.,* 375 F.3d 1070, 1075 (10th Cir.2004), *cert. denied*, 544 U.S. 974(2005). First, we consider whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297.  Second, "if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir.1998) (quotations omitted).

*Pro Axess, Inc. v. Orlux Distribution, Inc.*  428 F.3d 1270, 1276 -1277 (10th Cir. 2005).  "In

determining whether a defendant has established sufficient minimum contacts with the forum state, we examine whether the defendant 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.'" *Pro Axess*, 428 F.3d at 1277 (*quoting Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). A defendant's contacts are sufficient if "the defendant purposefully directed its activities at residents of the forum, and ... the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state.*" OMI Holdings,* 149 F.3d at 1091(quotations, citations, and emphasis omitted). A defendant's contacts with forum state "must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just." *Dudnikov,* 514 F.3d at 1070. To establish minimum contacts based on purposeful availment, the contacts must "result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Rambo*, 839 F.2d at 1419 (quoting *Burger King,* 471 U.S. at 474-75). Purposeful availment generally requires "affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state." *Rambo*, 839 F.2d at 1420; *see also Dudnikov*, 514 F.3d at 1071.

In this case, the Bank submits evidence to show that Morgan executed the documents related to the note and mortgage at issue in this case. Attached to the Bank's response as Exhibit A are copies of a "Mortgage, Security Agreement, Assignment of Leases, Rents & Profits, and Fixture Filing," dated November 2, 2009, as well as a "First Amendment to Mortgage, Security Agreement, Assignment of Leases, Rents & Profits, and Fixture Filing," dated July 29, 2010. Additionally, the Bank submits copies of a "Second Amendment to Mortgage, Security Agreement, Assignment of Leases, Rents & Profits, and Fixture Filing," dated January 19, 2011. All are executed by Morgan in his individual capacity as mortgagor. Furthermore, attached as Exhibit B to the Bank's response

are additional loan documents consisting of a Second Amended and Restated Consolidated Renewal Promissory Note, along with an Acknowledgment and Ratification by Guarantor of a Guaranty Agreement, submitted as the Bank's Exhibit C.  These are also executed by Morgan.

As the Bank argues, the foregoing documents contain a provision in which the mortgagor agrees that the transaction is governed by the laws of Oklahoma, and a provision in which the mortgagor expressly agrees that any legal proceedings regarding these transactions may be instituted in state or federal court in Oklahoma.  Exhibit A, Section 6.19.  "'It is settled that parties to a contract may agree in advance to submit to the jurisdiction of a given court.'" *D. H. Overmyer Co., Inc. v. Frick Co.,* 405 U.S. 174, 185 (1972) (quoting *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964)).  Although parties cannot consent to subject matter jurisdiction, they can "consent to personal jurisdiction."  *United States v. Vreeken,* 803 F. 2d 1085, 1089 (10th Cir. 1986) (citing *California v. LaRue,* 409 U.S. 109, 112 n. 3 (1972)).

Even if Morgan had not consented to the jurisdiction of this Court, however, the Bank argues he has contacts with Oklahoma sufficient to permit this Court to exercise  jurisdiction over him. Although Morgan argues in his motion that he does not conduct business in Oklahoma, the Bank presents evidence that he has had continuous banking contacts here from as early as May of 1994, when he and Spearman began a banking relationship with the Bank's predecessor in interest, Bank IV of Oklahoma, N.A.  According to the affidavit of Roger W. Wagner, the Bank's Executive Vice President ("Wagner affidavit"), the Bank's own records reflect that Morgan and Spearman have had a banking relationship with it since 1998.  Wagner affidavit, Bank's Exhibit D, ¶ 2.  Furthermore, the Bank's records reflect that Morgan is the sole shareholder of Spearman, and he has personally guaranteed Spearman's loans with the Bank since at least 2000.  *Id.* ¶¶ 4, 8.  According to Roger

Wagner, he has personally met with Morgan in the Bank's Oklahoma office on several occasions, and such meetings related to Spearman's business with the Bank in Oklahoma. *Id.* at ¶ 6.   Roger Wagner has also had numerous telephone conversations, initiated by Morgan, regarding Spearman's business with the Bank.  Wagner affidavit, ¶ 7.

The evidence presented by the Bank also establishes that the loan documents which are the subject of its claims in this case were executed by Morgan as President of Spearman.  The guaranties at issue in this case were executed by Morgan in his individual capacity.

Furthermore, the evidence reflects that Morgan negotiated with the Bank on behalf of Spearman regarding the loan transactions at issue, and he sent correspondence to the Bank at its Alva, Oklahoma location regarding this negotiation.  *See* December 23, 2010 letter to the Bank from Morgan, submitted as the Bank's Exhibit E.

A plaintiff bears the burden of establishing that the Court may properly exercise jurisdiction over the defendant.  When a motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other evidentiary materials, a plaintiff need only make a *prima facie* showing of personal jurisdiction. *Clear One Communications, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011); *AST Sports Science*,  514 F.3d at 1057; *OMI Holdings*,  149 F.3d at 1091.  This *prima facie* burden is satisfied  "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."  *OMI Holdings*, 149 F.3d at 1091. The Court considers and construes as true only "plausible, non-conclusory, and non-speculative" allegations in the Complaint.  *Dudnikov*,  514 F.3d at 1070.  If the parties submit conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor.  *AST*, 414 F.3d at 1057 (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th  Cir.1995)).

7

The Court finds that the evidence submitted by the Bank is more than sufficient to satisfy its *prima facie* burden of showing Morgan has the requisite minimum contacts with Oklahoma to permit this Court to exercise personal jurisdiction over him.  Furthermore, the evidence shows the claims asserted by Plaintiff in this action are derived from the contacts initiated by Morgan individually and on behalf of Spearman.  Morgan presents no evidence to contradict the Wagner affidavit or the additional evidence reflecting Morgan's initiation of business with the Bank in Oklahoma.  Morgan does not, in fact, argue that the Bank's contentions regarding his Oklahoma banking activities are incorrect.   Defendant Morgan's motion to dismiss for lack of personal jurisdiction is denied.

III.  Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6):

Spearman's motion does not challenge the Court's exercise of jurisdiction over it, but seeks dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Morgan also seeks dismissal on this basis.  However, neither movant presents argument or authority in support of this contention; they state only that the loan documents which are the subject of this action "speak for themselves and are the best evidence of the agreements of the parties."  Morgan Motion [Doc. No. 4] at ¶ 12.

To avoid dismissal pursuant to  Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough

factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*,  519 F. 3d at 1247).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not recite "detailed factual allegations, but the factual allegations must be enough to raise the right to relief above the speculative level." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir.2009) (internal quotation marks omitted).

In this case, the relief sought by the Bank is limited to the reformation of certain documents. In order to prove its claim for reformation, the Bank must show "an (1) instrument representing an antecedent agreement which should be reformed, (2) mutual mistake or mistake by one party and inequitable conduct on the part of the other, which results in an instrument that does not reflect what either party intended, and (3) proof of these elements by clear and convincing evidence." *Thompson v. Estate of H.H. Coffield*, 894 P. 2d 1065, 1067 (Okla. 1995) (citing *Griffin v. Griffin*, 823 P.2d 810, 813 (Okla. 1992)).   To avoid dismissal pursuant to Rule 12(b)(6), the Bank need not prove these contentions, but is required only to allege facts sufficient to show it may plausibly obtain relief on its claim of reformation.

The motions of Morgan and Spearman do not challenge the sufficiency of the Bank's allegations, nor do they present argument or authority pointing to any pleading deficiency.  As the Bank notes in its response, if the movants are attempting to assert an argument based on the parol evidence rule, that argument also fails because Oklahoma has held that parol evidence is admissible in a reformation action.  *See Fabbro v. Reese,* 246 P. 2d 324, 325 (Okla. 1952).

In any event, a Rule 12(b)(6) motion does not properly challenge the evidence that may

support a claim for relief, but is confined to the sufficiency of the allegations asserted in support of that claim.  *See, e.g., MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002).  Thus, issues related to the evidence are not properly before the Court.

The Court has examined the allegations in the Complaint and concludes they are sufficient to state a plausible claim for the relief sought by the Bank.  The Bank pleads factual allegations which, if proven, state a claim for the equitable relief of reformation.  The motions of Spearman and Morgan to dismiss pursuant to Rule 12(b)(6) are thus denied.

IV.  Motions to dismiss based on improper venue:

Both Morgan and Spearman also appear to challenge the propriety of venue in this Court, although neither expressly seeks dismissal on that basis.  Instead, each motion states that "venue may be improper." Morgan Motion [Doc. No. 4] at ¶ 13; Spearman Motion [Doc. No. 5] at ¶5.  To the extent the motions could be construed as seeking dismissal based on improper venue, both must be denied.

As the Bank argues, the mortgage documents executed by Morgan contain a provision that any lawsuit related to the documents may be filed in Woodward County, Oklahoma or in the federal judicial district court encompassing that county.  Furthermore, Defendants Morgan and Spearman removed the action to this Court, and made no objection to venue.  In any event, venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U. S. C. § 1391(b)(2).  In this case, the evidence submitted by the Bank shows that the loan documents and amendments which it seeks to reform were executed in Woodward County, Oklahoma, which is within this judicial district's boundaries.  Even if that were not so, venue is also proper in any district

10

"in which any defendant is subject to the court's personal jurisdiction" with respect to the action. 28 U. S. C. § 1391(b)(3).   Because the Court has found that Morgan is subject to this Court's personal jurisdiction, venue is proper on that alternative basis.

Morgan and Spearman assert no argument in support of a contention that venue is improper in this Court, nor have they submitted any legal authority.  The factual allegations in the Complaint reflect that venue is proper in this Court.  To the extent that the movants seek dismissal for improper venue, their motions are denied.

V. Conclusion:

For the foregoing reasons, Defendant Morgan's motion to dismiss [Doc. No. 4] and Defendant Spearman's motion to dismiss [Doc. No. 5] are DENIED in all respects.  This action will proceed accordingly.

IT IS SO ORDERED this 11th day of June, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE